LAW OFFICES OF OSCAR RAMIREZ
Oscar Ramirez (SBN 236768)
515 South Flower Street, Floor 36
Los Angeles, CA 90071
Telephone: 213.236.3649
Facsimile: 213.232.3350
Email: oscar@ramirezesq.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PILAR ALBERTO, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>BARODA FARMS, INC., and DOES 2 through 10, inclusive,<br><br>        Defendant | Case No.:<br><br>**COMPLAINT**<br><br>**(1) Pregnancy/Sex Discrimination in Violation of FEHA, Cal. Gov. Code § 12940(a);**<br><br>**(2) Failure to Prevent Pregnancy/Sex Discrimination in Violation of FEHA, Cal. Gov. Code § 12940(k);**<br><br>**(3) Failure to Engage in a Timely, Good Faith Interactive Process in Violation of FEHA, Cal. Gov. Code § 12940(n);**<br><br>**(4) Failure to Provide Reasonable Accommodation in Violation of FEHA, Cal. Gov. Code § 12940(m);**<br><br>**(5) Wrongful Termination in Violation of Public Policy;**<br><br>**(6) Fair Labor Standards Act (29 U.S.C. § 201 et seq.);** |

COMPLAINT AND DEMAND FOR JURY TRIAL

(7) **Rest Period Violations (Labor Code §§ 226.7, 516, 558);**

(8) **Waiting Time Penalties (Labor Code §§ 201-203)**

(9) **Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq*.);**

**JURY TRIAL DEMAND**

Unlimited Civil Case

Plaintiff Pilar Alberto ("Plaintiff") hereby brings this Complaint against Defendants BARODA FARMS, INC., a California corporation, ("Defendant") and DOES 2 through 10, inclusive, and on information and belief alleges as follows:

## **PARTIES**

1.      Plaintiff is an individual over eighteen (18) years of age residing in the County of Santa Barbara, California.

2.      Defendant is a California corporation, at all relevant times herein doing business in the County of Santa Barbara, California, within the Central District of California, and engaged in the growing, selling, and shipping of artichokes.  At all times relevant herein, Defendant employed more than five employees.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 2 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants designated herein as a Doe defendant is legally responsible in some manner for the unlawful acts and omission alleged herein, and that Plaintiff's injuries were caused by the conduct of each such defendant.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

capacities of the defendants designated hereinafter as Doe defendants when such defendants' identities become known.

4.     Plaintiff is informed and believes, and thereupon alleges, that at all times material herein, each of the defendants was the agent or employee of, and/or working in concert with, his/her co-defendants, and was acting within the course and scope of such agency, employment, and/or concerted activity.  Plaintiff alleges that to the extent certain acts and omissions were perpetrated by certain defendants, the remaining defendant or defendants confirmed and ratified said acts and omissions.

5.     Whenever and wherever reference is made in this complaint to any act or failure to act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and failure to act of each defendant acting individually, jointly, and severally.

## JURISDICTION AND VENUE

6.     Plaintiff hereby brings this action for pregnancy/sex discrimination, failure to prevent pregnancy/sex discrimination, failure to engage in a timely, good faith interactive process, and failure to provide reasonable accommodation in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 *et seq*., and for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code § 17200 *et seq.*, and Labor Code §§ 201-203, 226 *et seq.*, 516 and 558, in addition to seeking injunctive relief, declaratory relief, and restitution.

7.     This Court has jurisdiction over Defendant's violations of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331, because the action asserts rights arising under federal law.  This Court has supplemental jurisdiction over Defendant's violations of the California Business

and Professions Code, Labor Code, and the FEHA because these claims derive from the same common nucleus of operative facts.

8.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, because Defendant does business in the County of Santa Barbara, California, and all acts and omissions giving rise to liability are alleged to have occurred in the County of Santa Barbara, California.

## FACTUAL ALLEGATIONS

9.      Plaintiff worked for Defendant at its facility in Lompoc, California for approximately two years.  Defendant hired Plaintiff on or about September 16, 2013 as an hourly non-exempt agricultural employee within Defendant's laboratory.  At all times during her employment with Defendant, Plaintiff worked on a full-time basis, in excess of forty (40) hours a week.

10.     On February 27, 2015, Plaintiff, who was ten weeks pregnant, met with her medical provider doctor.  Upon examination, Plaintiff's medical provider diagnosed her with a high-risk pregnancy requiring bedrest, due to her history of pre-term labor and diagnosis of gestational diabetes.  In a note dated February 27, 2015, Plaintiff's medical provider stated that Plaintiff needed to be put on bed rest as a result of her high-risk pregnancy, and, therefore, Plaintiff required a pregnancy-related temporary leave of absence from work.  At the time, Plaintiff's expected due date was September 24, 2015.

11.     In or around March 2015, Plaintiff provided the doctor's note dated February 27, 2015 to her supervisor, Susan Cooper-Smith, Baroda's Laboratory Director and Human Resources Administrator, and requested a temporary leave of absence from Baroda.  The doctor's note dated February 27, 2015 stated, "Pilar Alberto is currently under my medical care and may not return to work at this time. Please excuse Pilar for the remainder of her pregnancy.  She may return to work 8 weeks postpartum."  At this time, Defendant knew that Plaintiff was pregnant, and that the requested temporary leave of absence was due to her high-risk pregnancy.

Defendant knew that Plaintiff needed a leave of absence lasting until she gave birth, which, according to Plaintiff's medical records (which were provided to Defendant), was expected to be on or around September 24, 2015. Defendant also knew that Plaintiff would be able to return to work 8 weeks after she delivered her baby, as specified by her doctor's note. Defendant permitted Plaintiff to take a temporary leave of absence at that time.

12. Upon receiving the note from Plaintiff's doctor requesting an immediate pregnancy-related leave from work, instead of engaging in the interactive process to determine a reasonable accommodation for Plaintiff, Defendant requested that Plaintiff "work for a bit longer before going on leave, or at some point during [Plaintiff's] leave, even maybe work part-time…so that the four-months of leave guaranteed by law could be 'stretched' and her job could be preserved."

13. From the time of her hire, until the start of her pregnancy-related temporary leave of absence, Plaintiff was qualified to do her job, and performed it without complaint from Defendant. Apart from her pregnancy-related disability, Plaintiff at all times remained qualified to perform her required job duties, and would have continued to do so effectively had she not been diagnosed with a high-risk pregnancy requiring a temporary leave of absence.

14. Throughout Plaintiff's employment, Defendant regularly, systematically, and impermissibly rounded down the hours worked by hourly non-exempt laboratory workers, including Plaintiff, who worked in excess of eight (8) hours a day and who worked in excess of forty (40) hours a week, which resulted, over a period of time, in the failure to properly compensate Plaintiff for all hours worked. Plaintiff was deprived of all required overtime wages earned as a result of this impermissible rounding policy.

15. Additionally, throughout Plaintiff's employment, Defendant failed to make available and authorize all legally compliant duty-free rest periods.

Specifically, Defendant failed to make available and authorize to Plaintiff all rest breaks to which she was entitled when she worked shifts greater than or equal to three and a half (but less than four) hours, shifts greater than six (but less than eight) hours, and shifts greater than ten (but less than twelve) hours, as Defendant maintained an unlawful rest break policy that required Plaintiff to remain on-duty during her initial daily rest period, and engage in mandatory stretching exercises with all other non-exempt laboratory employees.

16.     According to Defendant, its non-exempt laboratory employees, including Plaintiff, were required to partake in "group exercises at set times each day." This mandatory daily stretching was "given" to Plaintiff in place of her initial mandatory, 10-minute duty-free rest break for shifts lasting longer than three and a half hours.

17.     As a result of Defendant's unlawful policy, Plaintiff was not provided with all rest periods to which she was legally entitled. Despite Defendant's failure to provide Plaintiff with all rest periods to which she was legally entitled, Defendant never paid an additional hour of premium pay to Plaintiff at the regular rate of pay, as required by Labor Code § 226.7.

18.     As a result of the foregoing violations, Defendant maintained inaccurate payroll records, issued inaccurate wage statements to Plaintiff, and failed to timely pay Plaintiff all final wages due at the time of separation from Defendant's employment.

19.     On July 20, 2015, Plaintiff was given a letter ("Termination Letter") signed by Ms. Cooper-Smith, informing Plaintiff that she was being terminated. The Termination Letter, although dated July 20, 2015, stated that Plaintiff's termination was effective on August 1, 2015.

20.     The Termination Letter, which was sent to Plaintiff and written in Spanish, roughly translates to say, "You have been away from your job now past the four months (88 days) for which we guaranteed holding your position.

Regretfully, since you have not returned, we are no longer able to hold your position open for you, hence this notice of termination." The Termination Letter concludes by stating, "We wish you and your growing family the best (and look forward to a visit from you and your new arrival)," referencing Plaintiff's unborn child.

21.    Defendant included with the Termination Letter, a second letter ("Relationship Letter") titled "Notice to Employees Regarding Change in Relationship." The Relationship Letter, also in Spanish and signed by Ms. Cooper-Smith, states that Plaintiff's "employment status will be changing for the [following] reason…dismissal effective 8-1-2015." In the comments section of the Relationship Letter, Ms. Cooper-Smith noted, "This dismissal is the result of you being on pregnancy disability from Baroda Farms for more than 4 months (88 work [] days)."

22.    At no time prior to sending the Termination Letter and Relationship Letter did Defendant ever contact Plaintiff to engage her in a timely, good faith interactive process in order to identify available accommodations, such as an extended leave of absence until childbirth, so that she could remain employed. At no time did Defendant investigate any alternative accommodations for Plaintiff. Defendant failed to do so despite notice of Plaintiff's disability after having received Plaintiff's doctor's note dated February 27, 2015 which stated, "Pilar Alberto is currently under my medical care and may not return to work at this time. Please excuse Pilar for the remainder of her pregnancy. She may return to work 8 weeks postpartum. If you require additional information please contact our office."

23.    The temporary, reasonable accommodations necessitated by Plaintiff's pregnancy and pregnancy-related disability would not have created an undue hardship upon Defendant, nor would said accommodations have adversely impacted, in any way, the operation of Defendant's business.

24.     On August 31, 2015, Plaintiff was required to deliver her baby pre-maturely through a caesarean section.  According to Plaintiff's medical professional doctor, Plaintiff's recovery time from the caesarean section would be six weeks, enabling her to return to work in or around mid-October 2015.  However, as a result of her unlawful termination, Plaintiff was denied the opportunity to continue working for Defendant and was stripped of the opportunity to have a timely, good faith interactive process with Defendant in order to suggest a reasonable accommodation so that she could remain employed, such as an extended leave of absence until mid-October 2015.  Notably, Defendant's Employee Handbook and Plaintiff's employee personnel file both omit any references to Defendant engaging in a timely, good-faith interactive process, or providing workplace accommodations to employees.

25.     An inability to work during pregnancy is a disability for the purposes of FEHA. *See* Cal. Gov. Code § 12926(m) (defining "[p]hysical disability" as including any physiological condition that limits a major life activity, such as working); *Avila v. Continental Airlines, Inc.*, 165 Cal.App.4th 1237, 1252-53 (2008).

26.     Under FEHA, a disabled employee is entitled to a reasonable accommodation—which may include leave of no statutorily fixed duration—provided that such accommodation does not impose an undue hardship on the employer. Cal. Gov. Code § 12940(m).

27.     Under FEHA, an employer has an affirmative duty to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical or mental disability.  Cal. Gov. Code § 12940(n).

28.     Plaintiff has suffered emotional distress due to Defendant's conduct, including, but not limited to, sex and pregnancy discrimination, failure to prevent

sex and pregnancy discrimination, failure to engage in a good faith interactive process, failure to accommodate her pregnancy, and wrongful termination of her employment.

29.     Plaintiff filed charges against Defendant with the Department of Fair Employment and Housing ("DFEH") on or about February 8, 2016.  All of the FEHA claims alleged herein were alleged in Plaintiff's DFEH charge, with supporting factual allegations.  The DFEH issued a Right to Sue letter on or about February 16, 2016, completing the exhaustion of Plaintiff's administrative remedies against Defendant.  Plaintiff's DFEH Right to Sue letter and DFEH charge are included in the Right to Sue Attorney Package attached hereto as **Exhibit A**.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## FIRST CAUSE OF ACTION

### Pregnancy/Sex Discrimination in Violation of FEHA
### California Government Code § 12940(a)
### (By Plaintiff against all Defendants)

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29, as though fully set forth herein.

31.     At all times relevant herein, FEHA was in full force and effect, and binding upon the corporate Defendant, which, upon information and belief, regularly employs more than five individuals.  FEHA makes it unlawful for an employer to discriminate against an employee on the basis of the employee's sex, including pregnancy. *See* Cal. Gov. Code § 12940; *Badih v. Myers*, 36 Cal.App.4th 1289, 1296 (1995) ("In short, we conclude that pregnancy discrimination is a form of sex discrimination under article I, section 8 of the California Constitution.").

32.     Discrimination on the basis of sex "includes, but is not limited to…[p]regnancy or medical conditions related to pregnancy".  Cal. Gov. Code

§12926(r)(1). Plaintiff, therefore, is a member of a class of persons protected from discrimination under FEHA. *See Id.* at § 12940(a).

33. Defendant engaged in unlawful employment practices in violation of the FEHA by terminating Plaintiff based upon her pregnancy. Defendant's Termination Letter and Relationship Letter explicitly state that Plaintiff's pregnancy, and corresponding pregnancy leave, was the sole reason for Plaintiff's termination, stating, "This dismissal is the result of you being on pregnancy disability from Baroda Farms for more than 4 months (88 work [] days)."

34. Plaintiff is informed and believes and based thereon alleges that her sex, including pregnancy status, was the sole, direct, and proximate cause in Defendant's decision to terminate Plaintiff's employment in violation of Government Code § 12940(a).

35. Defendant's unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

36. As a direct and proximate result of Defendant's acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, and attorneys' fees and costs in an amount to be proven at trial.

37. The conduct of the Defendant, and its agents and employees as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff of Defendant's actions. Defendant, and its agents and employees, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

///

///

///

///

## SECOND CAUSE OF ACTION

**Failure to Prevent Pregnancy/Sex Discrimination in Violation of FEHA
California Government Code § 12940(k)**

**(By Plaintiff against all Defendants)**

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37, as though fully set forth herein.

39.     California Government Code § 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring" in the workplace.  When a plaintiff seeks to recover damages based on a claim of failure to prevent discrimination, three essential elements must be shown: (1) plaintiff was subjected to discrimination; (2) defendants failed to take all reasonable steps to prevent discrimination; and (3) this failure caused plaintiff to suffer injury, damage, loss, or harm.

40.     Defendant violated Government Code § 12940(k) by failing to prevent the discriminatory conduct suffered by Plaintiff.  Plaintiff was subjected to unlawful discrimination when she was terminated by Defendant due to her sex, including her pregnancy-related disability.

41.     Defendant did nothing to arrest the termination of Plaintiff, which occurred due to her pregnancy-related disability, and made no effort to engage in the interactive process with Plaintiff to provide Plaintiff with a temporary workplace accommodation.  At no point in time did Defendant reinstate Plaintiff's employment despite the unlawful reason for its termination.

42.     As a direct and proximate result of Defendant's acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, and attorneys' fees and costs in an amount to be proven at trial.

43.     The conduct of the Defendant, and its agents and employees as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff of Defendant's actions.  Defendant and its agents and employees authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

## THIRD CAUSE OF ACTION

**Failure to Engage in a Timely, Good Faith Interactive Process
California Government Code § 12940(n)**

**(By Plaintiff against all Defendants)**

44.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, as though fully set forth herein.

45.     Government Code § 12940(n) requires employers to "engage in a timely, good faith, interactive process with the employee or applicant to determine effective, reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

46.     Employers are required by California law to initiate the interactive process once they are on notice that an accommodation may be needed. 2 C.C.R. §11069.  An employer is on notice when an employee with a known physical disability requests a reasonable accommodation.  2 C.C.R. §11069(b)(1).

47.     An employer that fails to participate in a good-faith interactive process, and is responsible for the breakdown in communication, is liable under FEHA.  *See Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 266 (2000).

48.     Both parties must "participate in good faith, undertake reasonable efforts to communicate its concerns, and make available to the other information which is available, or more accessible, to one party." *Mills v. Lynwood Unified School Dist.*, Case No. CV 07-05055DDP (CTX), 2009 WL 2460789 at *6-7 (C.D.

Cal. Aug. 6, 2009) (internal quotation omitted).  Communication is required, with the goal being the identification of an accommodation that allows the employee to perform the job effectively. *Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, 166 Cal.App.4th 952, 984 (2008).

49.     Plaintiff's pregnancy was a disability within the meaning of California Government Code § 12926(m) in that it limited her ability to engage in a major life activity, working, and affected her body systems, including but not limited to, her reproductive system. Cal. Gov. Code §12926(m)(1)(A) & (B)(iii).

50.     The employer's duty to engage in the interactive process includes identifying potential accommodations, and assessing the effectiveness each would have in enabling the employee to perform the essential functions of the job, or to enjoy equivalent benefits and privileges of employment compared to non-disabled employees. 2 C.C.R. §7294(c)(7).

51.     Plaintiff's disability became known to Defendant in or about March 2015, when Plaintiff submitted her medical professional doctor's note to Ms. Cooper-Smith, which stated that Plaintiff needed to be put on bedrest due to her high-risk pregnancy until 8 weeks after her delivery, which was expected to be on September 24, 2015.

52.     Defendant wholly denied Plaintiff the right to discuss alternative reasonable accommodations.  Though approving Plaintiff's original request for a temporary leave of absence as a result of her pregnancy-related disability, Defendant refused to extend her unpaid leave of absence as requested in the February 27, 2015 doctor's note stating that Plaintiff could return to work "8 weeks postpartum."

53.     In or around July 2015, Defendant, without engaging Plaintiff in any timely, good faith interactive process, single-handedly decided to no longer extend Plaintiff's pregnancy-related temporary leave of absence until childbirth.  Instead, Defendant summarily fired Plaintiff after she had been on temporary pregnancy

disability leave for four months.  Defendant failed to contact Plaintiff even once between the start of her temporary leave of absence and her termination. Defendant did not undertake any efforts, let alone reasonable efforts, to communicate its concerns to Plaintiff regarding the length of her temporary leave.

54.     California courts have expressly rejected the notion that pregnancy leave is capped at four months.  *See Sanchez v. Swissport, Inc.*, 213 Cal.App.4th 1331 (2013) ("Under section 12940, a woman disabled by pregnancy is entitled to the protections afforded any other disabled employee—a reasonable accommodation that does not impose an undue hardship on her employer.  As the caselaw [sic] makes clear, disability leave may…exceed four months.").  Defendant did not act in good-faith, the breakdown in the interactive process lies with Defendant, and Defendant is therefore liable for substantial damages.

55.     Plaintiff satisfied her obligations with respect to the interactive process by providing reasonable medical documentation in the form of a doctor's note identifying her pregnancy, the need for temporary workplace accommodations, and the estimated length of accommodation. 2 C.C.R. §11069(d).

56.     Defendant's failure to engage in a timely, good faith, interactive process with Plaintiff after being placed on notice of the need for a reasonable accommodation is an unlawful employment practice in violation of FEHA.  Cal. Gov. Code §12940(n).

57.     The unlawful conduct of Defendant as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

58.     As a direct and proximate result of Defendant's acts and failures to act as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, and attorneys' fees and costs in an amount to be proven at trial.

59.     The conduct of Defendant and its agents and employees, as described herein, was malicious and/or oppressive, and done with a willful and conscious

disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff resulting from Defendant's actions. Defendant and its agents and employees authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

## FOURTH CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation
### California Government Code §12940(m)

### (By Plaintiff against all Defendants)

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59, as though fully set forth herein.

61. California Government Code § 12940(m) makes it an unlawful employment practice for an employer to fail to make a reasonable accommodation for the known physical disability of an employee. Employers have an affirmative duty to make reasonable accommodations for known disabilities of employees unless the parties engage in the interactive process and then determine that accommodation would impose an undue hardship. 2 C.C.R §11068(a).

62. Plaintiff requested temporary reasonable workplace accommodations when she requested time off of work until she gave birth to her child, a duration of approximately six months. Plaintiff provided Defendant with a written request from her medical provider that she be permitted to take a temporary leave of work until 8 weeks postpartum. The note identified that the accommodations were advised due to Plaintiff's pregnancy. Defendant accepted the terms of this workplace accommodation by permitting Plaintiff to refrain from working.

63. Defendant subsequently failed to provide Plaintiff with reasonable accommodations by firing her after only four months without ever engaging in a timely, good faith interactive process. Plaintiff requested two additional months of temporary leave in order to give birth to her child and recuperate from childbirth, an accommodation that would not have imposed an undue hardship on Defendant.

"A finite leave of greater than four months may be a reasonable accommodation for a known disability under the FEHA." *Sanchez*, 213 Cal.App.4th at 1341; *see also Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 227 (1999) ("Indubitably, the seven extra months of leave…constitutes a reasonable accommodation in this case."); *Watkins v. Ameripride Servs.*, 375 F.3d 821, 828-29 (9th Cir. 2004) (employer satisfied its obligation to reasonably accommodate employee's disability, by among other actions, leaving his job open for a year in order to allow the employee to reclaim his position.); *Jensen*, 85 Cal.App.4th at 263 ("Holding a job open for a disabled employee who needs time to recuperate or heal is in itself a form of reasonable accommodation and may be all that is required where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future.").

64.     Significantly, FEHA places an affirmative duty on an employer to disclose other suitable job opportunities it has available, and to determine the employee's interest in, and qualifications for, those positions, if the employer incurs no undue hardship in doing so. *Hanson*, 74 Cal.App.4th at 225. Defendant did no such thing, firing Plaintiff prior to ever discussing reasonable accommodations or other suitable job opportunities.

65.     Defendant's unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

66.     As a direct and proximate result of Defendant's acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, and attorneys' fees and costs in an amount to be proven at trial.

67.     The conduct of the Defendant, and its agents and employees as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff of Defendant's actions. Defendant, and its agents and employees,

authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

## FIFTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy
California Common Law**

**(By Plaintiff against all Defendants)**

68.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66, as though fully set forth herein.

69.     In California, "[a]part from the terms of an express or implied employment contract, an employer has no right to terminate employment for a reason that contravenes fundamental public policy as expressed in a constitutional or statutory provision." *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1252 (1994).  A termination in violation of fundamental public policy gives rise to a tort action in favor of the terminated employee.  *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 178 (1980).  The tort claim typically arises when an employer retaliates against an employee for one of the following: (1) refusing to violate a statute; (2) performing a statutory obligation; (3) exercising a statutory right or privilege; or, (4) reporting an alleged violation of a statute of public importance.

70.     Sex, pregnancy, and disability discrimination in violation of FEHA can form the basis of a common law wrongful discharge claim.  *Rojo v. Kliger*, 52 Cal.3d 65, 90-91 (1990); *Kelley v. Corrections Corp. of America*, 750 F.Supp.2d 1132, 1145 (E.D. Cal. 2010), quoting *City of Moorpark v. Superior Court,* 18 Cal.4th 1143, 1161 (1998).

71.     Defendant engaged in a course of conduct in violation of public policy of the State of California by discriminating against Plaintiff on the basis of her sex, including pregnancy status, by terminating her employment because of her pregnancy.  *Badih, supra,* 36 Cal.App.4th at 1296 (pregnancy discrimination is a

form of sex discrimination prohibited under Cal. Const. art I, §8 that gives rise to wrongful termination claim).

72.     A wrongful termination in violation of public policy claim benefits the public as a whole, as it is meant to deter employers from discriminating against—up to and including terminating—their employees due to a known disability (including pregnancy).

73.     Defendant's unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

74.     As a direct and proximate result of Defendant's acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, humiliation, embarrassment, and attorneys' fees and costs in an amount to be proven at trial.

75.     The conduct of the Defendant, and its agents and employees, as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff of Defendant's actions.  Defendant and its agents and employees authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

## SIXTH CAUSE OF ACTION
### FLSA Violations
### (By Plaintiff against all Defendants)

75.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 74, as though fully set forth herein.

76.     This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

77.     Plaintiff is informed and believes, and based thereupon alleges, that Defendant regularly and systematically, as a policy and practice, impermissibly

rounded the hours worked by Plaintiff, such that, over a period of time, it resulted in the failure to compensate Plaintiff for all overtime hours worked.

78.     Accordingly, Plaintiff was not compensated for all overtime hours worked.  Defendant's unlawful rounding policy and practice violates the FLSA's overtime requirements, including, but not limited to, 29 U.S.C. § 207.

79.     Defendant's unlawful rounding policy and practice, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

80.     Defendant's unlawful rounding policy and practice creates an entitlement to recovery by Plaintiff in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs per 29 U.S.C. § 216, and interest thereon.

<u>**SEVENTH CAUSE OF ACTION**</u>

**Rest Period Violations**
**(By Plaintiff against all Defendants)**

81.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 80 as though fully set forth herein.

82.     California Labor Code §§ 226.7, 516, and 558 establish the right of employees to be provided with a duty-free rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

83.     Plaintiff is informed and believes, and based thereon alleges, that Defendant failed its affirmative obligation to make all required rest periods available to all of its hourly non-exempt employees, including Plaintiff, in accordance with the mandates of the California Labor Code.  As such, Defendants are responsible for paying premium compensation for rest period violations pursuant to Labor Code §§ 225.7, 516, and 558.

84.     Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to pay Plaintiff the premium pay required by Labor Code § 226.7 when she was not provided with a legally compliant, duty-free rest period or rest

COMPLAINT AND DEMAND FOR JURY TRIAL

periods.  As a result, Defendant owes Plaintiff additional compensation pursuant to Labor Code § 226.7, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

## EIGHTH CAUSE OF ACTION

### Waiting Time Penalties
### (By Plaintiff against all Defendants)

85.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 84 as though fully set forth herein.

86.     This claim is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee, or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

87.     Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to timely pay Plaintiff all final wages due to her at the time of her separation, which includes, among other things, underpaid overtime wages and rest period premiums.  Defendant's failure violates the requirements of Labor Code §§ 201-203.  Defendant's failure to pay all final wages was willful within the meaning of Labor Code § 203.

88.     Defendant's willful failure to timely pay Plaintiff her earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

///

///

# NINTH CAUSE OF ACTION

## Unfair Competition
### (By Plaintiff against all Defendants)

89.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 88 as though fully set forth herein.

90.     Defendant has engaged, and continues to engage, in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq*., by failing to pay Plaintiff all earned overtime wages; knowingly failing to furnish and provide accurate and complete wage statements in violation of Labor Code § 226; willfully failing to timely pay all final wages upon termination of employment; and failing to provide all legally required, duty-free ten minute rest periods, or make premium payments in lieu thereof.

91.     Defendant's utilization of these unfair and/or unlawful business practices deprived Plaintiff of compensation to which she is legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendant's competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

92.     As Plaintiff is a victim of Defendant's unfair and/or unlawful conduct alleged herein, Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant pursuant to Business and Professions Code §§ 17203 and 17208.

93.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

94.     Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests, to obtain restitution, and to enforce important rights affecting the public interest.  Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.      For compensatory damages, general damages, and special damages according to proof;

2.      For interest, including pre-judgment interest, at the legal rate;

3.      For punitive damages in an amount to be proven at trial for all causes of action in which such damages are recoverable;

4.      For reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194 *et seq.*, Government Code section 12900 *et seq.*, including section 12965, subdivision (b), 29 U.S.C. § 216, and all other applicable statutes;

5.      Upon the Sixth Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216;

6.      Upon the Seventh Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

7.      Upon the Eighth Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

8.      Upon the Ninth Claim, for restitution to Plaintiff of all money and/or property unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

9.      Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289, and 29 U.S.C. § 216;

10.     For costs of suit incurred herein; and

11.     For such other and further relief as this court may deem just and

proper.

Dated: January 18, 2017                     Respectfully submitted,
                                            LAW OFFICES OF OSCAR RAMIREZ


                                    By:    _/s/_____
                                           Oscar Ramirez
                                           Attorneys or Plaintiff Pilar Alberto